UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>    Plaintiff, )<br> )<br>    v. )<br> )<br>RICKY DALE BROWN, JR., )<br>    Defendant. ) | CAUSE NO.: 2:17-CR-131-JVB-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Reconsideration of Order [DE 78], filed by Defendant Ricky Dale Brown, Jr., a prisoner proceeding *pro se*, on July 5, 2022. Defendant requests that the Court reconsider its Order of July 13, 2021, granting the Government's motion requesting turnover of funds in Defendant's prison account for partial satisfaction of the restitution ordered paid in this matter. The Government filed a response on July 22, 2022. Defendant has not filed a reply, and the time to do so has expired.

**I.   Background**

On September 13, 2018, Defendant pleaded guilty to 2 counts of the indictment. As part of his plea agreement, Defendant agreed to pay restitution to the victims of his crimes. Defendant was sentenced on April 4, 2019, and the sentence reflected a restitution judgment in the sum of $50,000 and a special assessment of $200. On June 8, 2021, the Government filed a motion seeking turnover of funds held in Defendant's account with the Bureau of Prisons. No response was filed by Defendant to that motion. On July 13, 2021, this Court granted the Government's motion and ordered the turnover of $1,500.00 held in Defendant's Bureau of Prisons account to be applied to the restitution judgment.

1

On July 5, 2022, Defendant filed the instant motion, arguing that his obligation to begin payment of the restitution did not begin until the time of his release, that he had sent a response to the Government's motion addressed to Judge Van Bokkelen, and that the funds in his account were exempt as Covid stimulus funds. The Government responds that the Defendant's obligation to make restitution is not deferred because of incarceration and the funds were not exempt.

## II.     Standard of Review

A motion for "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir.1996). Instead,

> a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (overruled on other grounds by *Hill v. Tangherini*, 724 F.3d 965, 967 n.1 (7th Cir.2013)) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)). "Such problems [that are appropriate for reconsideration] rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983)).

## III.    Analysis

Defendant argues that the Court erred when it granted the Government's motion for turnover of the funds in his prison account because his obligation to make restitution did not begin

2

until his release from prison, the funds were Covid stimulus funds, and he had purportedly sent something to the Court, rather than the Clerk, responding to the Government's motion.

There is nothing on the docket reflecting any response to the Government's June 2021 motion for turnover, and Defendant did not provide an additional copy of anything he may have sent in at that time responding to that motion. Defendant, by failing to attach anything he may have mailed to the Court in June or July 2021 has not established that the Court overlooked information or evidence at that time.

Additionally, Defendant misunderstands the law as it applies to his obligation to make restitution. The Mandatory Victims Restitution Act provides:

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

18 U.S.C. § 3663A, *et seq*. Defendant's funds were therefore eligible for turnover for purposes of satisfying any remaining restitution or assessment at the time of the Government's motion.

Finally, Defendant has not shown that his funds were exempt. He has failed to provide evidence of the source of those funds. Although some Covid stimulus funds were exempt from use to satisfy certain types of judgments, Defendant has failed to show that this Court misapplied any law.

The Court also notes that Defendant waited almost a full year from the time the funds were withdrawn from his Bureau of Prison account to file his motion, and as such, he is dilatory.

Defendant has, in short, failed to show that the Court misunderstood him, that new facts have been discovered, or that there has been any change in relevant law. He has not presented any information that could not have been presented in briefing the initial Motion for Turnover and has

not given any reason for the Court to reconsider its previous Order.

### IV. Conclusion

For the foregoing reasons, the Court hereby **DENIES** the Motion for Reconsideration of Order [DE 78].

SO ORDERED this 10th day of August, 2022.

                          s/ John E. Martin
                          MAGISTRATE JUDGE JOHN E. MARTIN
                          UNITED STATES DISTRICT COURT

cc:    All counsel of record